## PARKER v. MORRISON.

Mortgages of personal property under our statute cannot be given to a stranger to secure the debt of a third person.

If given to secure a debt it must be a debt due from the mortgagor to the mortgagee; if to secure a liability it must be a liability incurred by the mortgagee for the mortgagor; and if to secure any other agreement, it must be one between the parties to the mortgage, to the truth, validity and justice of which both parties can swear.

The oath in each case must be so varied as to verify the truth, validity and justice of the debt, or of the liability, or of the agreement, as the case may be, or it will be void as against the creditors of the mortgagor.

TRESPASS by plaintiff, the mortgagee, against defendant, (who is a deputy sheriff) for taking the goods described in the mortgage.

The condition and oath in the mortgage are as follows:

"Provided, nevertheless, that if I, my executors, administrators or assigns, shall pay or cause to be paid unto Morrill Aldrich, his heirs, &c., the sum of $400.00, according to a note of $200.00, given August 18, 1864, and another note of $200.00, given August 21, 1864, payable both to said Morrill Aldrich, or order, on demand and interest

annually, on both of said notes, said Silas Parker being holden as surety, or jointly and severally—the first signed by said Silas Parker and myself, and the other by ourselves, Henry H. Parker and Levi Parker, 2d; both of said notes having been given for my sole use and benefit; also shall pay interest in full upon said notes; then these presents shall be void."

"We severally swear that the foregoing mortgage is made for the purpose of securing the debt specified in the condition thereof, and for no other purpose whatever, and that said debt was not created for the purpose of enabling the mortgagor to execute said mortgage, but is a just debt, honestly due and owing from the mortgagor to the mortgagee. So help us God.

S. OSCAR PARKER,
SILAS PARKER."

It is admitted for the purposes of this case only that while one object of the parties in making said mortgage was to secure the debt or liability therein mentioned, another object was to prevent the seizure and application of the property described in said mortgage in satisfaction of other debts or liabilities of the mortgagor, among which was that to secure which the property was attached by defendant.

If, in the opinion of the court, the mortgage is invalid by reason of defects in the condition or oath, judgment is to be rendered for the defendant. If not invalid for that reason, but invalid by reason of the objects of the parties in making said mortgage, then the case is to be sent to the jury for trial. But if invalid for neither of these reasons, judgment is to be rendered for plaintiff, and the damages to be assessed by the court, if not agreed upon by the parties.

The questions of law arising on the above case were reserved.

*C. W. & E. D. Rand*, for defendant.

I. It is plain that the mortgage, so far as it was not intended to be a mere cover, was given to secure a contingent liability from S. Oscar Parker to Silas Parker. The doctrine of *Belknap* v. *Wendell*, 31 N. H. 92, approved in *Hill* v. *Gilman*, 39 N. H. 88, is decisive of this case.

II. One object of the mortgage was to prevent the attachment—in other words, the mortgagor intended to hinder the plaintiff in the suit in which the attachment was made; and that purpose was known to the mortgagee. That makes the mortgage invalid as to creditors, although it may not be as to a subsequent purchaser. *Doolittle* v. *Lyman*, 44 N. H. 608.

*Carpenter*, for plaintiff.

I. The mortgage was made for the purpose of securing payment of the debt to Aldrich. A valid mortgage of personal as well as real property may be made to an entire stranger to the mortgage debt.

*Morse* v. *Powers*, 17 N. H. 286 ; *Lathrop* v. *Blake*, 23 N. H. 46.

The concluding words of the oath, "to the mortgagee," are not of the substance of the oath required by statute (vide sec. 5 ch. 138, Comp. Stats.; *Lathrop* v. *Blake*, 23 N. H. 59,) and they may be omitted entirely. If the words "said Aldrich" were substituted for mortgagee in the oath, the validity of the mortgage would be unquestionable. The error in the oath, as it stands, is not of such a character as to invalidate the mortgage.

1. The mistake is in an immaterial part of the oath, which might have been wholly omitted.

2. It was a manifest mistake—manifest upon the face of the mortgage.

3. No one could possibly be misled by it.

II. The liability of the mortgagee, as surety for the mortgagor, is truly and specifically set forth in the condition, and treating the mortgage as given for the purpose of securing the mortgagee against that liability, we submit that the oath is sufficient. .

If the words "liability" or "obligation" were substituted in the oath for "debt," there could be no question of its sufficiency ; but "debt" is broad enough in its signification to include both of those terms, and may as properly be used to denote the liability intended to be secured as either of them. It is evident from the context that it was so used—consistently with the whole instrument it can refer to and signify nothing else. No other debt "from the mortgagor to the mortgagee" is specified in the condition or mentioned in the mortgage.

III. The last question in the case is not whether a mortgage made to delay, hinder or defraud creditors is void, but whether a purpose of the parties in making the mortgage to effect precisely what must be its necessary and inevitable result, and without which the mortgage itself would be worthless, will avoid it. The case does not find that the parties intended to delay, hinder or defraud creditors, nor anything equivalent. It finds no more in fact than would be presumed ; parties are presumed to intend the necessary consequences of their acts. No mortgage was ever made where one object of the parties was not to prevent the seizure and application of the property mortgaged by other creditors in payment of their debts.

SARGENT, J. No question is here raised as to whether this mortgage is or not valid as between the parties. But the only question is, is it good as against creditors of the mortgagor? Chap. 132, Rev. Stats. sec. 3, provides that "the mortgagor and mortgagee shall make and subscribe an affidavit in substance as follows," then follows the form of oath adopted in this case. Sec. 4, provides that "if such mortgage is given to indemnify the mortgagee against any liability assumed, or to secure the fulfilment of any agreement, other than for the payment of a debt due from the mortgagor to the mortgagee, such liability or agreement shall be stated truly and specifically in the condition of the mort-

gage, and the affidavit shall be so far varied as to verify the validity, truth and justice of such liability or agreement. · Sec. 5 provides that every such affidavit, with the certificate of the justice administering the oath, shall be recorded, &c.   Sec. 7 provides that "no such mortgage shall be valid against any person except the mortgagor, his executors and administrators, unless possession is delivered or the mortgage is sworn to and recorded in the manner herein specified."

The mortgage in the case before us was evidently given to secure a liability which the mortgagee had incurred for the mortgagor, by signing a note with him to a third person.   It is claimed in the argument that the word "debt," as used in this affidavit, is broad enough to cover any liability or obligation, and hence, as it is claimed, that the liability is properly described in the condition of the mortgage, that the oath is well enough in this case.   But such, most evidently, was not the intent of the statute, when it expressly provides that when the mortgage is given to indemnify the mortgagee against any liability assumed, other than for the payment of a debt due from the mortgagor to the mortgagee, the affidavit shall be so far varied as to verify the validity, truth and justice of such liability, and when it is expressly declared that such mortgage shall not be valid against creditors, unless it is sworn in the manner herein prescribed.   The affidavit in this case does not verify the validity, truth and justice of any liability whatever.   It was not so far varied as to do this, as the statute requires it should be, and hence, according to the express terms of the statute, the mortgage is void as against the creditors of the mortgagor; and it makes no difference whether the omission to vary the oath was a mistake, an oversight, or the result of ignorance in regard to the provisions of the statute.

We are not called on to decide whether the liability is properly described in the condition of the mortgage or not, as the affidavit is clearly insufficient to answer the requirements of law, nor do we need to consider any of the other questions raised in the case.   The statute requires the oath of the mortgagee as much as the oath of the mortgagor, and the debt must be due and owing to the mortgagee as well as from the mortgagor.   All these portions of the oath are material and substantial.   Hence, when a mortgage of personal property is given to secure a debt, in the technical sense in which that term is used in this statute, it must be a debt due and owing from the mortgagor to the mortgagee. If it is given to secure a liability it must be the liability of the mortgagee assumed for the mortgagor.   If it is given to secure the performance of any other agreement it must·be an agreement between the mortgagor and the mortgagee, to the truth, validity and justice of which they are both able to testify.   The simple reading of our statute would seem to be a full and perfect answer to the argument that such mortgages, like mortgages of real estate, may be given to a stranger to secure the debt of any third person, nor do we find any countenance given to such a position in the authorities cited in support of it.

In the case before us, if the mortgage had been given to secure the debt to Aldrich, it must have been given to Aldrich, as mortgagee. But if given to secure the liability which this plaintiff has incurred for

the mortgagor, then the oath is not so varied as to verify it. This precise question was raised and decided in *Richardson* v. *Blodgett & al.*, Grafton Co., February Term, 1847, where it was held, *Woods, J.*, delivering the opinion, that a mortgage, given to the plaintiff, to secure a note due to him from the mortgagor, and also to secure a liability which the mortgagee had incurred for the mortgagor by signing a note with him as his surety to a third person, and where the oath was not varied, but they were both described as debts, due and owing, &c., was valid to secure the debt due from the mortgagor to the mortgagee, but void as against creditors, so far as it was intended to secure the liability incurred. The same doctrine is fully sustained by *Belknap* v. *Wendell*, 31 N. H. 92, and *Hill* v. *Gilman*, 39 N. H. 88.

*Judgment for defendant.*